UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. SLASINSKI and
KAREN L. SLASINSKI,

    Plaintiffs,

v.

Case No. 07-14850

HONORABLE DENISE PAGE HOOD

CONFIRMA, INC., WARD SPARACIO,
DAN BICKFORD, & DAVE WOLFE,
Jointly and Severally,

    Defendants.
_____/

**ORDER
1) DENYING CONFIRMA, INC'S MOTION TO DISMISS,
2) DISMISSING PLAINTIFFS' CLAIMS AGAINST
DAN BICKFORD, DAVE WOLFE, & WARD SPARACIO**[1]

## I. INTRODUCTION

---

[1]At the February 6, 2008 hearing, the parties indicated that Defendant Ward Sparacio had not yet been served. Counsel for Plaintiffs reconfirmed this information on July 16, 2008. Accordingly, the Court dismisses this action with respect to Defendant Sparacio, without prejudice, because he has not been served within the time frame set forth in Federal Rule of Civil Procedure 4(m). Rule 4(m) "requires completion of service of process within 120 days after filing of the complaint." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). The Complaint in this case was filed on November 13, 2007.
    At the February 6, 2008 hearing, Plaintiffs indicated a desire to dismiss their claims against Defendants Dan Bickford and Dave Wolfe. Accordingly, the Court dismisses this action with respect to Defendants Bickford and Wolfe, with prejudice.
    The claims against Confirma remain.

This matter is before the Court on Confirma, Inc.'s ("Confirma") Motion to Dismiss [Dkt. #5, filed December 19, 2007]. Plaintiffs filed a responsive brief ("Response") on January 9, 2008. Confirma filed a reply brief ("Reply") on January 10, 2008. A hearing for the Motion was held on February 6, 2008.

## II.    FACTS

The instant diversity action was filed on November 13, 2007. In the Complaint, Mr. Slasinski raises claims of intentional infliction of emotional distress and breach of contract against Defendants. His wife, co-Plaintiff Ms. Slasinski, alleges loss of consortium stemming from his injuries. The Slasinskis reside in Michigan.

Mr. Slasinski seeks damages from events which took place in July 2007, while he participated in the Confirma Sales Seminar ("Seminar"). At the time of the Seminar, Mr. Slasinski was a regional sales manager for Confirma. His sales territory included Michigan, and he lived in Michigan while serving the Michigan territory. The Seminar took place in the State of Washington, and included a boat cruise around Lake Washington. Confirma is headquartered in the State of Washington.

During the cruise, Mr. Slasinski alleges that he was locked in one of the cruise ship's bathrooms. He alleges that Defendant Bickford locked him in the bathroom, and that he was not released from the ship's bathroom until all of his co-workers had returned to their hotel. Mr. Slasinski further alleges that his work environment become so intolerable after the incident that he

was subsequently forced to resign.

## III. STANDARD OF REVIEW & APPLICABLE LAW

Defendant Confirma, Inc. ("Confirma") contends that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Section 1391 of Title 28 of the United States Code sets forth the venue provisions applicable to diversity cases. Section 1391 provides, in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(a) (emphasis added). Whether the burden of establishing proper venue is on a plaintiff or a defendant is unclear within the Sixth Circuit. *Compare Kelly Servs., Inc. v. Noretto*, 495 F. Supp. 2d 645, 654 (E.D. Mich. 2007) (burden on the defendant to disprove), *with Verbis v. Iowa Dept. of Human Servs.*, 18 F. Supp. 2d 770, 774 (E.D. Mich. 1998) (burden on the plaintiff to prove).

In the alternative, Confirma contends that the action should be transferred to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a). Section 1404(a) of Title 28 of the United States Code permits a court to transfer a case to any district where the case could have been brought for "the convenience of parties and witnesses" and in the "interest of justice." 28 U.S.C. § 1404(a). Following a section 1404(a) transfer, the state law of the transferor court remains controlling. *Martin v. Stokes*, 623 F.2d 469, 472-3 (6th Cir. 1980).

## IV. ANALYSIS

Confirma moves the Court to dismiss this case, claiming that no events giving rise to Plaintiffs' claims occurred in this judicial district. Confirma concedes that Mr. Slasinski worked for Confirma in Michigan and that he may be getting treatment in Michigan for his emotion distress. Nevertheless, Confirma argues that these Michigan connections are not substantial enough to make venue within the Eastern District of Michigan proper.

Plaintiffs argue that venue can be proper in more than one forum, and that they need not choose the best one. Plaintiffs also argue that their claims did not arise or occur solely in Washington. In other words, Plaintiff's argue that their experiences in Michigan, which resulted from Defendants' conduct in Washington, satisfy the provisions of 28 U.S.C. § 1391(a).

Based upon the facts alleged in the Complaint, the Court concludes that Confirma's conduct within this District is alleged to have given rise to Plaintiffs' claims. As noted in the Complaint, Mr. Slasinski was recruited by Confirma to represent Confirma in Michigan in his capacity as Regional Sales Manager. (Compl. ¶ 10-11.) Further, one of Mr. Slasinski's job responsibilities included attending Confirma sponsored seminars from time to time. (*Id.* ¶ 12.) Several inferences can be drawn from these alleged facts. First, Confirma contacted Mr. Slasinski while he was in Michigan to invite him to the July 2007 Confirma Sales Seminar. It is likely that Confirm communicated with Mr. Slasinski numerous times to provide him with details of the Seminar and to confirm his attendance. Second, it appears that the Seminar was a mandatory event for Mr. Slasinski and that he traveled to Washington in July of 2007 for the sole purpose of participating in his employer's Seminar. That Confirma's conduct in Washington also gave rise to Plaintiffs' claim does not preclude a finding that venue is proper within this district. Accordingly, Confirma's Motion to

4

Dismiss is denied.

**V.     CONCLUSION**

In light of the foregoing,

IT IS ORDERED that Confirma, Inc.'s Motion to Dismiss [Dkt. #5, filed December 19, 2007] is **DENIED**.

IT IS FURTHER ORDERED that Dan Bickford's and Dave Wolfe's Motion to Dismiss [Dkt. #4, filed December 19, 2007] is **DISMISSED AS MOOT**.

IT IS FURTHER ORDERED that Defendants Dan Bickford and Dave Wolfe are DISMISSED from this action WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant Ward Sparacio is DISMISSED from this action WITHOUT PREJUDICE.


                                                            S/Denise Page Hood  
                                                            Denise Page Hood  
                                                            United States District Judge

Dated:  July 17, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 17, 2008, by electronic and/or ordinary mail.

                                                            S/William F. Lewis  
                                                            Case Manager